IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| V. ) | Criminal No. 1:14CR127 |
| ) | |
| CHARISE SHANELL STONE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This case is before the Court on the Defendant Charise Shanell Stone's Motion for a New Trial (Dkt. No. 142). Defendant seeks a new trial based on her allegation that this Court should have recused itself based on an alleged conflict of interest stemming from its ownership of stock in some of the victim banks. In her Motion she claims that based on the new evidence, a new trial would probably be granted and Defendant would probably be acquitted at trial.

During Defendant's trial, she filed a *pro se* motion seeking the recusal of the Court. The Court denied this motion. Defendant argues that the Court should have recused itself because it had a financial interest in some of the banks that were victims of Defendant's scheme.

Defendant argues that 28 U.S.C. § 455 required the Court to recuse itself. But the statute did not require recusal here. Section 455(a) requires disqualification when the judge's "impartiality might reasonably be questioned." The Fourth Circuit has held that a judge's interest in the victim of a crime does not necessarily require recusal under the language of § 455(a). In United States v. Sellers, 566 F.2d 884 (4th Cir. 1977), the Fourth Circuit held that the district judge's financial interest in the bank that was the victim of a robbery did not lead to any reasonable apprehension that the stockholder judge would be partial. The Second Circuit reached a similar conclusion when it held that recusal is required only where the extent of the judge's interest in the crime victim is so substantial, or the amount that the victim might recover as restitution is so substantial, that an objective observer would have a reasonable basis to doubt the judge's impartiality. United States v. Lauersen, 348 F.3d 329, 336-37 (2d Cir. 2003), vacated on other grounds by 543 U.S. 1097 (2005). Indeed, a decision in favor of recusal that lacks a factual basis satisfying the requisite objective inquiry is improper; "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988); United States v. Glick, 946 F.2d 335, 337 (4th Cir. 1991). The delicate balance

2

entailed in recusal decisions reflects not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking. Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011).

Here, the Court did have a financial interest in some of the victim banks during the period it was assigned to Defendant's case, however the Defendant has not shown that either the interest or the restitution ordered was so substantial as to require recusal. See Lauersen, 348 F.3d at 337 (finding that judge's minor financial interest and bank's small restitution claim did not meet standard for recusal); see also United States v. Rogers, 119 F.3d 1377, 1384 (9th Cir. 1997) ("Judge Tevrizian, as one of millions of stockholders in Bank of America, held a limited financial interest in the purported victim of the crime.").

There has been no showing that the Court's interests in the victim banks were significant or that the interests could have substantially affected the Court's interest in the outcome of the proceeding. See Lauersen, 348 F.3d at 335 (noting that judge owned .00009 percent of victim insurer's stock and comparing victim's restitution claim of $13,046 with victim's $5.8 billion

3

net worth). The banks at issue here - Wells Fargo, PNC, and JP Morgan Chase - are all large corporations that seemingly would not be significantly affected by the restitution ordered here; the Court ordered the Defendant to pay approximately $620,000 to JP Morgan Chase, $156,000 to PNC Bank, and $99,000 to Wells Fargo.

For these reasons the Defendant's Motion for a New Trial should be denied.

An appropriate Order shall issue.

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 7 , 2016

4